The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH BASTIDA, JOHN A. LUNG, M.D., and KATHLEEN M. LUNG,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HOLDINGS CORPORATION,<br><br>Defendant. | No. 2:16-cv-00388-RSL<br><br>**NON-PARTY NATIONAL SECURITIES CORPORATION'S MOTION TO QUASH DEPOSITION SUBPOENA**<br><br>NOTE ON MOTION CALENDAR<br><br>September 9, 2016 |

NON-PARTY NATIONAL SECURITIES CORPORATION'S MOTION TO QUASH DEPOSITION SUBPOENA
2:16-cv-00388

**WINGET SPADAFORA SCHWARTZBERG LLP**
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................... 1

II.     BACKGROUND ..................................................................................................... 2

III.    ARGUMENT ........................................................................................................... 3

         A.    Legal Standard Regarding the Limited Scope of Discovery When Third Parties and Related Proceedings are Involved ..................................................................... 3

         B.    The Subpoena Should Be Quashed Because the Topics of the Requested Testimony are Subject to Binding Arbitration and Therefore Not Relevant to This Lawsuit ................................................................................................................. 4

         C.    The Subpoena Should be Quashed Because Plaintiffs are Attempting to Obtain Evidence That They are Not Entitled to in the Arbitration and This Conflicts with the Parties' Agreement to Arbitrate ..................................................................... 5

IV.    CONCLUSION ........................................................................................................ 8

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - i
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

# TABLE OF AUTHORITIES

**CASES**

*14 Penn Plaza LLC v. Pyett*
    556 U.S. 247 (2009)......................................................................................................... 4

*Krys v. Sugrue*
    759 F.Supp.2d 342 (S.D.N.Y. 2011)................................................................................ 4

*AT&T Mobility LLC v. Concepcion*
    563 U.S. 333 (2011)..................................................................................................... 5, 6

*Dart Indus. Co. v. Westwood Chem. Co.*
    649 F.2d 646 (9th Cir. 1980) ........................................................................................... 3

*Exxon Shipping Co. v. United States Dep't of Interior*
    34 F.3d 774 (9th Cir. 1994) ............................................................................................. 3

*Hurst v. Phillips*
    No. 04-2591 Ml/p, 2005 U.S. Dist. LEXIS 48570, at *11 (W.D. Tenn. Sep. 30, 2005).... 6

*Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co.*
    219 F. Supp. 181 (S.D.N.Y. 1963).................................................................................. 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
    460 U.S. 1 (1983)............................................................................................................ 6

*Oppenheimer Fund v. Sanders*
    437 U.S. 340 (1978)..................................................................................................... 3, 5

*Southland Corp. v. Keating*
    465 U.S. 1 (1984)............................................................................................................ 6

*UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.*
    660 F.3d 643 (2d Cir. 2011)......................................................................................... 5, 6

**STATUTES**

9 U.S.C. § 2.................................................................................................................................. 5

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - ii
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

1 **RULES**

2  Fed. R. Civ. P. 26(b)(1) ................................................................................................. 3, 5

3  FINRA Rule 12209 ......................................................................................................... 6

4  FINRA Rule 12510 ......................................................................................................... 7

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA  -  iii
2:16-cv-00388

**WINGET SPADAFORA SCHWARTZBERG LLP**
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

## I. INTRODUCTION

Plaintiffs Joseph Bastida, John A. Lung, M.D., and Kathleen M. Lung (collectively, "Plaintiffs") served a deposition subpoena on non-party National Securities Corporation ("NSC") seeking testimony on matters concerning the merits of the ongoing FINRA arbitration between NSC and Plaintiffs. The subpoena should be quashed because the merits of the arbitration are not relevant to this lawsuit and are therefore beyond the scope of discovery. Further, the subpoena should be quashed because permitting a deposition in this judicial forum on the merits of the arbitration would violate Plaintiffs' and NSC's agreement to arbitrate and therefore be in contravention of the Federal Arbitration Act. The subpoena is also unfair and burdensome to NSC because NSC is already defending itself against Plaintiffs in the arbitration, and now Plaintiffs are attempting to drag it into these court proceedings as well. This is consistent with Plaintiffs' strategy of attempting to multiply and complicate this dispute, which is also evidenced by their recent rejection of defendant National Holdings Corporation's ("NHC") offer to submit this lawsuit to arbitration.

The claims currently being arbitrated by Plaintiffs against NSC relate to securities that Plaintiffs purchased through NSC. In this lawsuit, Plaintiffs are attempting to hold NSC's holding company, NHC, liable for the alleged acts of NSC based on various theories of vicarious liability. While discovery relating to the issues of whether NHC was a control person of NSC and/or otherwise should be vicariously liable for actions of NSC may be proper in this case, discovery relating to whether NSC has primary liability is not because that issue must be determined solely in the arbitration.

The deposition subpoena specifies topics of testimony that go directly to the merits of the claims against NSC in the FINRA arbitration. This includes customer complaints against the NSC securities broker who worked with Plaintiffs, as well as NSC's policies regarding how investment products are recommended to particular clients.

Plaintiffs' attempt to elicit testimony on the substantive issues involved in the arbitration through the use of a deposition subpoena to NSC violates the terms of the parties' agreement to arbitrate and, with it, the strong public policy favoring the enforcement of arbitration agreements.

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - 1
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

The FINRA rules are part of the arbitration agreement, and those rules do not permit depositions except in very limited circumstances not present here. The rules also do not permit parties to FINRA arbitration to bring legal proceedings against another party to the arbitration during its pendency. Both NSC and Plaintiffs are parties to the arbitration, and a deposition subpoena is a legal proceeding. Therefore by serving the subpoena Plaintiffs are in violation of this FINRA rule.

Because matters relating to NSC's alleged liability to Plaintiffs are subject to mandatory arbitration, they are not relevant to the claims and defenses in this case, and are therefore not the proper subject of discovery. Requiring NSC to answer questions on these subjects at deposition would also impose an undue burden and expense on NSC since it is already defending the claims in the FINRA arbitration.

## II.     BACKGROUND

Plaintiffs and non-party NSC are currently involved in an arbitration proceeding before the Financial Industry Regulation Authority ("FINRA"). Declaration of Christina Z. Vourakis ("Vourakis Decl.") ¶ 3. Unlike NSC, the defendant in this lawsuit, NHC, is not a FINRA member and therefore is not required to submit to arbitration. However, NHC offered to agree to submit the matters in this lawsuit to arbitration because it would be more efficient to litigate all the issues in one forum. Vourakis Decl. ¶ 7. Plaintiffs refused this offer, demonstrating that they have more of an interest in multiplying the cost of these disputes by having them proceed on parallel tracks rather than efficiently addressing them on the merits in one forum. Plaintiffs' deposition subpoena that is the subject of this motion is further example of this wasteful strategy.

Plaintiffs served the deposition subpoena on NSC on or about August 10, 2016. Vourakis Decl. ¶ 4, Ex. 1. Most of the topics of examination in the subpoena relate to the merits of the dispute that is presently before FINRA, namely whether NSC is directly liable to Plaintiffs. These arbitration-related topics include "[t]he identity and location of all customer complaints filed against National Securities Corporation alleging the failure to adequately supervise brokers or registered representatives" and "[y]our policies, practices, procedures and systems (including without limitation electronic systems and databases) to ensure compliance with the 'suitability

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - 2
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

1 rule' by brokers or registered representatives." *Id.*

2 The parties met and conferred by telephone on August 30, 2016 and were unable to reach
3 a resolution of the issues raised in this motion. Vourakis Decl. ¶ 6.[1]

## III. ARGUMENT

### A. Legal Standard Regarding the Limited Scope of Discovery When Third Parties and Related Proceedings are Involved

The scope of discovery on a Rule 45 subpoena is the same as the other discovery rules. *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (analyzing propriety of a Rule 45 deposition subpoena under both Rules 26 and 45). Therefore a subpoena must request information that is, among other things, relevant to the claims or defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). In situations such as this, where a third-party is the target of the discovery request, courts are especially careful to ensure that the discovery sought is necessary. *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). And the fact that Plaintiffs are currently parties to an arbitration with NSC regarding claims relating directly to the discovery requested is important because it illuminates the true purpose of the subpoena: to obtain information for use in the arbitration. The Supreme Court has made it clear that using federal court discovery for the purpose of gathering information for other proceedings is not proper, stating that "a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 n.17 (1978).

//
//
//

---

[1] NSC was willing to produce a witness on Topics 1-5 of the deposition subpoena as those topics relate to control person liability issues relevant to this lawsuit.

NON-PARTY NATIONAL SECURITIES CORPORATION'S MOTION TO QUASH DEPOSITION SUBPOENA - 3
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

### B. The Subpoena Should Be Quashed Because the Topics of the Requested Testimony are Subject to Binding Arbitration and Therefore Not Relevant to This Lawsuit

As reflected in the Second Amended Complaint ("SAC") this lawsuit is solely concerned with NHC's alleged "control person" or vicarious liability for the acts of NSC. The only defendant is NHC, and therefore this Court could not make a finding regarding the primary liability of NSC. The causes of action also demonstrate that vicarious liability issues are the entirety of the lawsuit. The SAC's first cause of action is that NHC is "jointly and severally liable for the misconduct of Gillis and NSC" pursuant to Washington law because it "directly or indirectly controlled Gillis and/or NSC and/or materially aided in the transactions at issue." SAC ¶ 75. In the second cause of action Plaintiffs also allege vicarious liability pursuant to Idaho law, and the third cause of action they simply name "respondeat superior."

Therefore the alleged primary liability of NSC is not at issue in this lawsuit, and Plaintiffs' subpoena directed at that issue is not proper discovery because it is not relevant. Fed. R. Civ. P. 26(b)(1). The fact that NSC and Plaintiffs are involved in arbitration regarding the issue of NSC's primary liability conclusively demonstrates why NSC's primary liability could not be relevant to this proceeding, as the parties are bound by the Federal Arbitration Act and their arbitration agreement to not litigate that issue before this Court. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 257 (2009) (stating that courts generally cannot interfere with an agreement to arbitrate).

In a situation similar to the present one, the court in *Krys v. Sugrue* rejected an attempt of a party to obtain discovery in a federal lawsuit on matters that were being addressed in an arbitration proceeding. 759 F.Supp.2d 342, 345 (S.D.N.Y. 2011). The court agreed with the objecting party's argument that the requested information was not relevant to the lawsuit, finding that the information requested by the subpoena was intended to "bolster claims in the arbitration, and nothing else." *Id.* The same is true here, as only the question of whether NHC could be liable on a control person liability theory is at issue in this lawsuit, while the direct liability of NSC is at issue in the arbitration. Like the court in *Krys*, this Court should deny the requested

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - 4
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

discovery so as not to sanction an end run around the arbitration proceedings by permitting Plaintiffs to use this federal proceeding to obtain discovery for use in that forum.

For similar reasons, the subpoena as it relates to the issues that are subject to arbitration is not the proper subject of discovery under Rule 26. Since the issues are already being addressed in the arbitration the "needs of the case" "importance of the issues at stake" and whether the "burden or expense of the proposed discovery outweighs its likely benefit" all counsel toward denying the requested discovery. Fed. R. Civ. P. 26(b)(1). Denying the requested discovery pursuant to the plain language of Rule 26(b)(1) would be consistent with the Supreme Court's edict that parties should not be able to use federal court discovery for the purpose of furthering a separate proceeding. *Oppenheimer Fund*, 437 U.S. at 352 n.17.

### C. The Subpoena Should be Quashed Because Plaintiffs are Attempting to Obtain Evidence That They are Not Entitled to in the Arbitration and This Conflicts With the Parties' Agreement to Arbitrate

Not only is discovery on the issue of primary liability not permissible because it is not relevant, it is also not proper because it constitutes a violation of Plaintiffs' and NSC's arbitration agreement.

Section 2 of the Federal Arbitration Act specifies that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

This provision reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

NSC and Plaintiffs have a binding agreement to arbitrate under FINRA, pursuant to which they are now engaged in arbitration. *UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 649 (2d Cir. 2011) (stating that FINRA rules requiring arbitration constitute an agreement to arbitrate under the Federal Arbitration Act). Permitting the deposition to proceed

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - 5
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

against NSC on the substantive matters that are currently subject to arbitration would go against the "national policy favoring arbitration" as it would require NSC to litigate issues in this Court which are properly the subject of ongoing arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

The FINRA rules recognize the problem with permitting parties to engage in parallel litigation of claims that are subject to arbitration. They prohibit a party to a FINRA arbitration from "bring[ing] any suit, legal action, or proceeding against any other party that concerns or that would resolve any of the matters raised in the arbitration." FINRA Rule 12209. By serving a deposition subpoena on NSC seeking testimony on matters that are currently being addressed in FINRA arbitration, Plaintiffs are in violation of this rule. Specifically, they are a party to FINRA arbitration, and they are attempting to institute a proceeding (a deposition) against another party to the arbitration (NSC). *See Hurst v. Phillips*, No. 04-2591 Ml/p, 2005 U.S. Dist. LEXIS 48570, at *11 (W.D. Tenn. Sep. 30, 2005) ("The state court deposition is a proceeding held under the authority of the state."); *Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co.*, 219 F. Supp. 181, 184-85 (S.D.N.Y. 1963) (finding that a deposition is a "proceeding" as the term is used in a statute).

Plaintiffs' strategy of burdening NSC with parallel proceedings is an attempt to undermine FINRA's authority under Section 15A of the Securities Exchange Act of 1934 to "exercise comprehensive oversight over all securities firms that do business with the public." *UBS Fin. Servs.*, 660 F.3d at 648. It also is an affront to the FAA's purpose of permitting parties to design an efficient and tailored arbitration process. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344–45 (2011)  ("The point of affording parties discretion in designing arbitration processes is to allow for efficient, streamlined procedures tailored to the type of dispute.").

Permitting the discovery to go forward would not only violate the agreement to arbitrate, it would undermine the procedural integrity of the arbitration proceedings by allowing discovery in this case that FINRA prohibits. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (stating that the purpose of the FAA is to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.").

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - 6
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA  90067
(310) 836-4800 • (310) 836-4801 FAX

      The FINRA rules do not permit depositions except under extremely limited circumstances which do not apply here. FINRA Rule 12510 (prohibiting depositions except under limited extraordinary circumstances including to "preserve the testimony of ill or dying witnesses;" "accommodate essential witnesses who are unable or unwilling to travel" to the hearing; or "to expedite large or complex cases.").

      Considering NHC offered to consolidate the proceedings by consenting to FINRA arbitration three times during the pendency of its Motion to Dismiss (which overtures were rejected by Plaintiffs)[2] it is clear at this point that Plaintiffs are proceeding with the specific intent to undermine the arbitration proceedings by seeking discovery in this case that FINRA prohibits. By quashing the subpoena this Court would be enforcing the parties' agreement to arbitrate by ensuring that the litigation of the arbitrable claims takes place in the arbitration and not in this Court.

//
//
//
//
//
//

(Continued on next page)

---

[2] Vourakis Decl. ¶ 6.

NON-PARTY NATIONAL SECURITIES
CORPORATION'S MOTION TO QUASH
DEPOSITION SUBPOENA - 7
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA 90067
(310) 836-4800 • (310) 836-4801 FAX

IV. CONCLUSION

Plaintiffs' deposition subpoena should be quashed because it is aimed at gathering evidence that NSC is primarily liable to Plaintiffs, and the parties are currently in arbitration on this subject. The subpoena is therefore not the proper subject of discovery because it does not seek information relevant to this lawsuit. Further, any discovery on this issue in this Court would constitute a violation of Plaintiffs and NSC's agreement to arbitrate, and be a violation of the Federal Arbitration Act.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: August 31, 2016   By: */s/ Brandon S. Reif*

Brandon S. Reif (*Pro Hac Vice*)
Christina Z. Vourakis (*Pro Hac Vice*)
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: (310) 836-4800
Fax: (310) 836-4801
Email: reif.b@wssllp.com
Vourakis.c@wssllp.com
Attorneys for Defendant and non-party National Securities Corporation

**IMPACT LAW GROUP PLLC**
Christina Haring-Larson, WSBA 30121
Robert M. Crowley, WSBA 37953
1325 Fourth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 792-5230
Fax: (206) 452-0655
Email: rob@impactlawgroup.com
Christina@impactlawgroup.com
Attorneys for Defendant and non-party National Securities Corporation

NON-PARTY NATIONAL SECURITIES CORPORATION'S MOTION TO QUASH DEPOSITION SUBPOENA - 8
2:16-cv-00388

WINGET SPADAFORA SCHWARTZBERG LLP
1900 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA 90067
(310) 836-4800 • (310) 836-4801 FAX

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is the office of Winget Spadafora & Schwartzberg LLP, located at 1900 Avenue of the Stars, Suite 450, Los Angeles, CA 90067.

On August 31, 2016, I served the following document described as:

**NON-PARTY NATIONAL SECURITIES CORPORATION'S MOTION TO QUASH DEPOSITION SUBPOENA**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Karl P. Barth, Esq.
Tony Shapiro, Esq.
Hagen Berman Sobol Shapiro, LLP
1918 Eighth Avenue, Suite 3000
Seattle, WA 98101
karlb@hbsslaw.com
tony@hbsslaw.com

☐ [BY MAIL] By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ [BY PERSONAL SERVICE] by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☒ [BY EMAIL] by email transmission to the parties pursuant to the EC/CMF system.

☐ [BY FACSIMILE] I transmitted via facsimile the document to the party at their fax number listed below. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 31, 2016 at Los Angeles, California.

_____
Alysse M. Florez