THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH BASTIDA, JOHN A. LUNG, M.D. and KATHLEEN M. LUNG,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL HOLDINGS CORPORATION,<br><br>　　　　　　　　　　　Defendant. | No. 16-cv-00388-RSL<br><br>**PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY FROM NATIONAL SECURITIES CORPORATION**<br><br>NOTE ON MOTION CALENDAR:<br><br>September 16, 2016. |

**TABLE OF CONTENTS**

I.    RELIEF REQUESTED ........................................................................................... 1

II.   COMPLIANCE WITH LCR 37(A)(1) ................................................................... 2

III.  BACKGROUND ..................................................................................................... 2

      A.    Procedural History ....................................................................................... 2

      B.    Allegations of The Complaint ...................................................................... 3

IV.   ARGUMENT ........................................................................................................... 5

      A.    The Subpoena's Deposition Topics are Relevant to Plaintiffs' Claims and/or
            National Holdings' Defenses ....................................................................... 5

            1.    The Control of Defendant Over NSC .............................................. 6

            2.    The Existence and Location of Relevant Documents ..................... 6

            3.    Adequate Basis for Securities Recommendations ........................... 7

            4.    Supervision of Gillis by NSC ........................................................... 8

            5.    "Principal Method" Execution of Brokerage Transactions ............ 8

V.    CONCLUSION ....................................................................................................... 9

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## I.    RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 37 and 45, Plaintiffs respectfully request that the Court issue an Order compelling National Securities Corporation ("NSC") to produce appropriate designee(s) for testimony in response to Plaintiffs' Subpoena for a Rule 30(b)(6) deposition.

After Plaintiffs filed their First Amended Complaint in this action, Defendant National Holdings Corporation ("National Holdings" or "NHC") filed a motion to dismiss, or in the alternative, for a stay of this case due to the existence of FINRA arbitrations by Plaintiffs against NSC and various other parties. However, although National Holdings had been named as a defendant in those arbitrations, it declined the jurisdiction of FINRA and refused to participate in the arbitrations. NHC argued that a stay was appropriate because of the pending FINRA arbitrations, claiming that the underlying misconduct of Gillis and NSC must be determined by the arbitrations before this Court can determine the "control person" or *respondeat superior* liability of Defendant NHC in this action. This Court issued an Order rejecting these arguments, specifically holding that this Court could, and would determine the primary liability of NSC and Gillis as an essential element of the claims against Defendant NHC:

> Therefore, FINRA's decisions are likely to be of limited precedential or persuasive value to the Court, and a stay is unlikely to promote judicial efficiency. For these reasons, **defendant's request for a stay is DENIED**.[1]

Apparently unhappy with the explicit holding of this Court's Order rejecting the requested discovery stay, Defendant NHC is back for "another bite at the apple" by causing NSC to refuse to comply with this Subpoena, and by causing its counsel (which also represent NSC) to file a motion to quash the subpoena. But this motion is nothing more than an untimely and improper motion for reconsideration of the Court's Aug. 4, 2016 Order that denied NHC's requested stay, making exactly the same arguments that have already been considered and

---

[1] Order Granting in Part Defendant's Motion to Dismiss (Dkt. 27), dated August 4, 2016 (the "Aug. 4, 2016 Order"), p. 7:4-6 (emphasis added).

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 1 -



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  rejected by this Court.  This motion for reconsideration fails to comply with the requirements of
2  LCR 7(h), including the requirements that it be properly identified as a motion for
3  reconsideration and that it be filed within fourteen days of the Order for which it seeks
4  reconsideration.  Accordingly, this motion for reconsideration should be rejected.

The information sought by the deposition topics noted in the Subpoena easily meets the standards for discoverability because it is relevant to Plaintiffs' claims and/or NHC's defenses. *See*, Section 4, *infra* at 6-9.   Accordingly, Plaintiffs' respectfully request that the Court compel NSC to produce the appropriate designee(s) for testimony pursuant to the Subpoena.

## II.    COMPLIANCE WITH LCR 37(a)(1)

On August 30, 2016, Plaintiffs' counsel Karl Barth held a telephonic conference with NSC's counsel Christina Vourakis.  The parties conferred in a good faith attempt to resolve the issues underlying this motion, but were unable to resolve these issues.[2]

## III.    BACKGROUND

**A.    Procedural History**

On March 15, 2016, Plaintiff Bastida filed the initial complaint in this action (Dkt. No. 1).  On March 29, 2016, a First Amended Complaint was filed which added Dr. John A. Lung ("Dr. Lung") and Kathleen M. Lung ("Mrs. Lung") as additional Plaintiffs.  (Dkt. No. 5).

On April 28, 2016, National Holdings Corporation ("National Holdings" or "NHC") filed *Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6)* ("*Def's MTD*") (Dkt. No. 17).  This motion sought dismissal of all claims, or, alternatively, a stay of all discovery in this action pending the resolution of two FINRA arbitrations filed by Plaintiffs against various parties, including National Securities Corporation ("NSC").  Defendant National Holdings is not a party to either arbitration.  On May 16, 2016, Plaintiffs filed *Plaintiffs' Opposition to Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6)* (Dkt. No. 19).  On May 20, 2016, NHC filed

---

[2] *See* the accompanying *Declaration of Karl P. Barth in Support of Plaintiffs' Motion to Compel Deposition Testimony from National Securities Corporation* (the "Barth Decl"), ¶ 3.

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 2 -



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*Defendant's Reply in Support of Motion to Dismiss Pursuant to FRCP 12(b)(6)* ("*Def's MTD Reply*") (Dkt. No. 24).

On August 4, 2016, the Court issued an Order denying (in part) Defendant's motion to dismiss, and denying Defendant's motion to stay discovery (the "Aug. 4, 2016 Order").[3]

On August 10, 2016, Plaintiffs served Non-party National Securities Corporation with a subpoena dated August 5, 2016 for a deposition pursuant to Fed. R. Civ. P. 30(b)(6) (the "Subpoena").  A copy of the Subpoena is attached as Exhibit A to the Barth Decl.[4]

On August 22, 2016, Plaintiffs filed their Second Amended Complaint (the "SAC").[5]

On August 24, 2016, Plaintiffs granted NSC an additional week to object to the Subpoena.  On August 30, 2016, Plaintiffs' counsel and NSC's counsel conferred telephonically regarding NSC's objections, but were unable to resolve their differences regarding its scope.[6] On August 31, 2016, NSC filed its Motion to Quash the Subpoena (the "*NSC Motion*").[7]

**B.     Allegations of The Complaint**

The SAC alleges that Plaintiffs invested a large portion of the retirement and savings accounts in brokerage accounts at National Securities Corporation ("NSC"), which were overseen by NSC's employee and stockbroker William Gillis ("Gillis").  SAC ¶¶ 21-22, .[8] Plaintiffs allege that Gillis and NSC recommended large investments in high-risk companies that were unsuitable for the financial needs of the plaintiffs, and out of compliance with basic standards of financial portfolio construction, and that Gillis and NSC misrepresented the unreasonable risks inherent in these recommendations.  SAC ¶¶ 6-9.[9]  During 2015, while the

---

[3] Order Granting in Part Defendant's Motion to Dismiss (Dkt. 27), dated August 4, 2016.

[4] A copy of the Declaration of Service of the Subpoena is attached as Exhibit B to the Barth Decl.

[5] *Second Amended Complaint* (Dkt. No. 29), filed August 22, 2016.

[6] Barth Decl., ¶ 3.

[7] *Non-party National Securities Corporation's Motion to Quash Deposition Subpoena* ( Dkt. No. 32), filed Aug. 31, 2016 (the "*NSC Motion*").

[8] *See also* Aug. 4, 2016 Order at 1:22-23.

[9] *See also* Aug. 4, 2016 Order at 1:23-2:3.

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 3 -



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

S&P 500 Index increased by almost 65%, the unsuitable securities recommended by Gillis and NSC caused the loss of more than 80% of the value of Plaintiffs' brokerage accounts at NSC. SAC ¶ 8-9.[10]

Plaintiffs allege that Gillis and NSC owed Plaintiffs various duties, including: a) recommending only suitable investments (SAC ¶¶ 48-55); b) recommending investments that would provide appropriate diversification (SAC ¶¶ 48, 56); and c) providing full and fair disclosure of all recommended investments (SAC ¶¶ 48, 57-59). Additionally, Plaintiffs allege that NSC owed Plaintiff a duty to properly supervise Gillis to ensure that his recommendations were suitable and provided appropriate diversification (SAC ¶¶ 48, 60-61).

Plaintiffs further allege that Gillis and NSC violated these duties by: a) recommending unsuitable investments (SAC ¶¶ 62-64); b) recommending securities that failed to properly diversify Plaintiffs' portfolios (SAC ¶¶ 62, 65); and c) failing to accurately describe the recommended securities (SAC ¶¶ 62, 66-67). Additionally, Plaintiffs allege that NSC failed to properly supervise Gillis (SAC ¶ 68-69). Further, Plaintiffs allege that Gillis and NSC violated their duties to Plaintiff by engaging in various conflict of interest transaction allowing them to improperly profit at Plaintiffs' expense, including recommending unsuitable securities that were underwritten by NSC (SAC ¶¶ 70-71) and charging Plaintiffs excessive brokerage charges from recommending purchases of securities that were owned by NSC or recommending sales of securities to NSC, which were improperly (and covertly) marked-up (in the case of a purchase from NSC) or marked-down (in the case of a sale to NSC), making the transaction far more expensive to the Plaintiffs than a typical brokerage "agency" transaction. (SAC ¶ 72). Plaintiffs allege that this misconduct constituted violations by NSC and Gillis of various state securities laws, as well as other statutes and common laws. (SAC ¶¶ 76, 80-81, 84-85).

---

[10] *See also* Aug. 4, 2016 Order at 2:3-5.

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 4 -

Plaintiffs further allege that Defendant National Holdings is liable under the Washington and Idaho securities laws as a "control person" of Gillis and/or NSC (SAC ¶¶ 23-46, 75, 82), and under the common law of *respondeat superior*. (SAC ¶¶ 23-46, 87-89).

Claims are not brought against Gillis or NSC in this action because Plaintiffs were contractually obligated to bring claims against Gillis and NSC in arbitration, which are currently pending. (SAC ¶¶ 18-20). Plaintiff also asserted the claims alleged herein against Defendant NHC in the same FINRA arbitrations, but NHC is not a party to any arbitration agreement with Plaintiffs and refused to consent to the jurisdiction of FINRA arbitration, forcing Plaintiffs to file this action. SAC ¶ 20.[11]

## IV.   ARGUMENT

The "scope of discovery on a Rule 45 subpoena is the same as the other discovery rules." *NSC Motion* at 3:7-9 (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)). Accordingly, Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." *Warren v. Bastyr Univ.*, 2013 WL 1412419, at *4 (W.D. Wash. Apr. 8, 2013) (quoting Rule 26). "Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* (citations omitted).

**A.   The Subpoena's Deposition Topics are Relevant to Plaintiffs' Claims and/or National Holdings' Defenses**

The Subpoena seeks NSC's testimony regarding sixteen topics, related to five general categories: 1) Defendant's "control" over NSC; 2) the existence and location of relevant documents; 3) Gillis' and NSC's policies and procedures to ensure an adequate basis to recommend securities to customers; 4) NSC's Supervision of Gillis; and 5) NSC's

---

[11] *See also* Aug. 4, 2016 Order at 2:11-12.

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 5 -



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

recommendations of "principal" transactions to customers.  Each of these topics is directly relevant to Plaintiffs' claims and/or NHC's defenses in this action, as described below:

### 1. The Control of Defendant Over NSC

Topics 1 through 4 relate to the control over the operations of NSC that was exercised by Defendant during the relevant period.  Plaintiffs have made numerous allegations regarding the level of control exercised by Defendant over NSC.  SAC ¶¶ 23-46.  The issue regarding Defendant's control over NSC is central to Plaintiffs' claims for "control person liability" pursuant to RCW § 21.20.43 and Idaho Code § 30-14-509 and their claims for *respondeat superior* liability.  *See* Aug. 4, 2016 Order at 3:14-4:23.[12]  Accordingly, Topics 1 through 4 are relevant to Plaintiffs' claims, and thus discoverable pursuant to Rule 26.

### 2. The Existence and Location of Relevant Documents

Topics 5 through 10 relate to NSC's documents and their whereabouts.  30(b)(6) depositions are often used as a tactic to streamline requests for production of documents by gaining an understanding of exactly what types of documents exist, and where they are located.  As noted by commentators, "there may be much reason for use of a Rule 30(b)(6) deposition early in many cases to obtain information on the electronic information systems employed by the corporation before launching broad-gauged discovery of electronically stored information."[13]  And that is precisely the case here.  Due to its participation in the highly-regulated brokerage industry, NSC is required to maintain numerous types of financial reports and other records that

---

[12] *See also*, SAC ¶¶ 74-90.

[13] Charles Alan Wright, Arthur R. Miller, *et al,* 8A FEDERAL PRACTICE & PROCEDURE § 2103 (3rd ed. 2016). *See also* C. Bailey King and Evan M. Sauda, *Uncover Knowledge and Avoid Surprises: Using 30(b)(6) Depositions to Bind Corporations*, 54 No. 3 DRI For Def. 18 (Mar. 2012) ("Taking a 30(b)(6) deposition at the beginning of a case can give you a sense of the knowledge possessed by a corporation so that you can formulate focused written discovery requests and target the key employees with knowledge of the relevant facts."); Fundamentals of Federal Litigation § 15:21 ("However, a Rule 30(b)(6) corporate designee deposition may be useful near the beginning of a discovery period, even prior to or during document reviews, to determine the scope of the party's documents and files including electronically stored information, how such files were generated and maintained, who the document custodian is, and where the documents are located. The Rule 30(b)(6) deponent also might help narrow the issues in the case, allowing you to streamline your discovery strategy").

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

may be relevant to the claims or defenses in this action. Rather than serving broad document requests seeking the production of most or all of NSC's records, Plaintiff seeks to minimize the burden on NSC (and Plaintiffs) by tailoring their document requests to seek only the documents that will contain relevant and important information. Topics regarding the existence, description and location of documents are discoverable under Rule 26. *Akmal v. U.S.*, 2014 WL 906231, at *1 (W.D. Wash. Mar. 7, 2014) ("Rule 26 limits the scope of discovery to 'nonprivileged matter that is relevant to any party's claim or defense-<u>including the existence, description, nature, custody, condition, and location of any documents</u> or other tangible things and the identity and location of persons who know of any discoverable matter.'") (emphasis added). Accordingly, Topics 5 through 10 are relevant to Plaintiffs' claims, and thus discoverable pursuant to Rule 26.

### 3. Adequate Basis for Securities Recommendations

Topics 11 through 13 relate to NSC's policies, practices, procedures and systems to ensure that: a) brokers have an adequate basis when recommending securities to a customer; b) that brokers' recommendations to customers will create a well-diversified portfolio for the customers; and c) conflicts of interest are eliminated or minimized in broker recommendations of securities to clients. The SAC identifies NSC's and Gillis' duty to have "reasonable grounds" to make recommendations of any particular security, which includes: having knowledge of a customer's relevant characteristics (SAC ¶¶ 50-51); having a "reasonable basis" to relieve that the recommendations are suitable to the customer (SAC ¶¶ 52-55); and accurately describing the recommended securities to the customer (SAC ¶¶ 57-59). The SAC alleges that, in disregard of these duties, Gillis and NSC recommended large amounts of unreasonably risky and unsuitable investments, resulting in massive losses to the Plaintiffs (SAC ¶¶ 63-67). The SAC also identifies the duty to ensure proper diversification when making recommendations of specific securities (SAC ¶ 56); and alleges that Gillis and NSC failed to recommend securities that properly diversified Plaintiffs' holdings (SAC ¶ 65). The SAC further alleges that Gillis and NSC made self-serving recommendations to the Plaintiffs that were in the interests of NSC and

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 7 -



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Gillis, rather than the Plaintiffs, including recommending securities underwritten by NSC (SAC ¶¶ 70-71). The SAC alleges that the failure to have an adequate basis for making the securities recommendations at issue constituted violations by Gillis and/or NSC of: i) the Washington State Securities Act (SAC ¶¶ 76, 84); ii) the Idaho Uniform Securities Act (SAC ¶¶ 80, 84); and iii) various other statutory and common law obligations (SAC ¶ 84-85). Accordingly, Topics 11 through 13 are relevant to Plaintiffs' claims, and thus discoverable pursuant to Rule 26.

### 4. Supervision of Gillis by NSC

Topics 14 and 15 relate to NSC's policies, practices, procedures and systems regarding the supervision of brokers, including Gillis. The SAC identifies NSC's duty to supervise its brokers (SAC ¶¶ 60-61); and alleges that NSC violated this duty by failing to adequately supervise Gillis (SAC ¶¶ 68-69). The SAC alleges that the failure to properly supervise Gillis constituted violations by NSC of: i) the Washington State Securities Act (SAC ¶¶ 76, 84); ii) the Idaho Uniform Securities Act (SAC ¶¶ 80, 84); and iii) various other statutory and common law obligations (SAC ¶ 84-85). Accordingly, Topics 14 and 15 are relevant to Plaintiffs' claims, and thus discoverable pursuant to Rule 26.

### 5. "Principal Method" Execution of Brokerage Transactions

Topic 16 relates to NSC's policies, practices, procedures and systems related to executing client trades under both the "principal" and "agency" methods. The SAC alleges that Gillis and NSC profited at the Plaintiffs' expense by recommending transactions in which Plaintiffs would purchase securities that were owned by NSC (*i.e.* a "principal" transaction) rather than merely facilitating Plaintiffs' order in a transaction over a stock exchange (*i.e.* an "agency" transaction). SAC ¶ 72. The SAC alleges that the use of "principal" transactions by Gillis and NSC constituted violations by Gillis and/or NSC of: i) the Washington State Securities Act (SAC ¶¶ 76, 84); ii) the Idaho Uniform Securities Act (SAC ¶¶ 80, 84); and iii) various other statutory and common law obligations (SAC ¶ 84-85). Accordingly, Topic 16 is relevant to Plaintiffs' claims, and thus discoverable pursuant to Rule 26.

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 8 -



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court issue an Order Compelling National Securities Corporation to produce its corporate designee(s) for deposition on each of the sixteen topics set forth in the Subpoena at a mutually agreed time within twenty days of the date of this Order.

DATED:  September 1, 2016

        **HAGENS BERMAN SOBOL SHAPIRO LLP**

        By: */s/ Anthony D. Shapiro*
           Anthony D. Shapiro, WSBA #12824
        By: */s/ Karl P. Barth*
           Karl P. Barth, WSBA #22780
        By: */s/ Dawn D. Cornelius*
           Dawn D. Cornelius, WSBA #50170
        1918 Eighth Ave., Suite 3300
        Seattle, WA 98101
        Telephone: (206) 623-7292
        Facsimile:  (206) 623-0594
        tony@hbsslaw.com
        karlb@hbsslaw.com
        dawn@hbsslaw.com

        *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 9 -



**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Dated: September 1, 2016        *s/ Karl P. Barth*
KARL P. BARTH
HAGENS BERMAN SOBOL SHAPIRO LLP

PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY OF
NATIONAL SECURITIES CORPORATION

- 10 -



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594